UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00226-RJC
(3:06-cr-00055-RJC-20)

| | |
|---|---|
| THANG TOAN CAO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Thang Toan Cao's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1).

**I.     BACKGROUND**

Cao was indicted on May 24, 2006, of conspiracy to possess with intent to distribute and distribute methamphetamine (Count One) and conspiracy to commit money laundering (Count Two). Superseding Indict., Doc. No. 105.[1] On December 15, 2006, he pled guilty to Count One pursuant to a plea agreement, and the Government agreed to dismiss Count Two. Plea Agree., Doc. No. 198; Accept. Plea, Doc. No. 207. The Court sentenced Cao to 87 months in prison and three years of supervised release; judgment was entered on December 5, 2007. J., Doc. No. 288. Cao filed a direct appeal, and on June 2, 2009, the Fourth Circuit Court of Appeals issued an unpublished opinion affirming the judgment. United States v. Cao, 326 F. App'x 146, 2009 WL 1524945 (4th Cir. 2009).

---

[1] Unless otherwise indicated, documents cited are from Cao's underlying criminal case: United States v. Cao, 3:06-cr-00055-RJC-20 (W.D.N.C.).

1

According to Federal Bureau of Prisons ("BOP") records, Cao was released from BOP custody on July 31, 2012, after completing his active sentence. See Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last viewed June 15, 2018). His term of supervised release ran for three years without modification or revocation until it expired on or about July 31, 2015.

Cao is a citizen of Vietnam and a permanent resident of the United States. Presentence Investigation Report 2, Cao, 3:06-cr-00055-RJC-20, Doc. No. 343 (sealed). Sometime in August 2017, the Department of Homeland Security began deportation proceedings against him. See 28 U.S.C. § 2241 Pet., Thang v. Jenkins, et al., 4:18-cv-10014-KMM (S.D. Fl. filed Feb. 16, 2018), Doc. No. 1.

On March 6, 2018, Cao filed the instant document, which is titled "Motion to vacate plea and supporting memorandum of law, cancelations [sic] of removal," in the United States District Court for the Southern District of Florida. (Doc. No. 1, United States v. Cao, 3:18-cv-00226-RJC (W.D.N.C.)). The court construed it as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 because Cao attacks his December 2007 judgment, see R. & R., 1:18-cv-20862-JEM (S.D. Fl.), Doc. No. 4; the court ordered the action transferred to this Court where judgment was entered, see id. at Doc. Nos. 4-6.

II.     **STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides that courts are to

promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that this action can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

In his Motion, Cao claims trial counsel rendered ineffective assistance by failing to warn him that a guilty plea to Count One would subject him to deportation. He seeks vacation of his plea pursuant to Padilla v. Kentucky, 559 U.S. 356 (2010).

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress" may move to vacate, set aside, or correct his sentence. § 2255(a). This language requires that a § 2255 petitioner be "in custody" under the conviction or sentence under attack at the time his motion is filed. See Maleng v. Cook, 490 U.S. 488, 490–91 (1989) (discussing "in custody" requirement for district court jurisdiction over petition for habeas relief from state conviction under 28 U.S.C. § 2254). Once a petitioner's sentence has fully expired, he is not "in custody," notwithstanding the collateral consequences to which he may still be subject: "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack on it." Id. at 492; see also United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004) (recognizing that the Supreme Court's analysis in Maleng "applies equally when a movant is no longer in federal custody for the purpose of § 2255 relief where the sentence imposed for that conviction has expired").

Here, the conviction and sentence Cao challenges fully expired once he served both the active sentence of imprisonment and his term of supervised release. Notwithstanding the collateral consequences he now asserts warrant relief, he is not "in custody" under the conviction he now attacks, and this Court therefore lacks jurisdiction to adjudicate his § 2255 motion. Accordingly, the Motion to Vacate must be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Cao has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 19, 2018

Robert J. Conrad, Jr.
United States District Judge